```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF TEXAS
            FORT WORTH DIVISION
```

| | |
|---|---|
| CEDRIC MAYS § | |
| § | |
| VS. § | CIVIL NO. 4:07-CV-505-Y |
| § | (CRIMINAL NO. 4:06-CR-002-Y) |
| § | |
| UNITED STATES OF AMERICA § | |

<u>ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255</u>

Now pending before the Court is defendant Cedric Mays's form motion seeking relief under 28 U.S.C. § 2255.[1] The government filed a response to the motion. After careful consideration and review of defendant Mays's motion under § 2255, the government's response, the applicable law, and after an examination of the file and record of this case, the Court concludes that the motion must be denied for the reasons stated by the government and as set forth here.

Mays seeks relief under 28 U.S.C. § 2255 on the following grounds: (1) his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; (2) his plea of guilty was coerced; and (3) counsel was ineffective in (a) coercing him to plead guilty; (b) refusing to present facts to the Court or prosecution; (c) telling him that in order to receive a plea agreement, he would have to waive his right to appeal; and (d) failing to file a notice of appeal.

*Illegal Search*

---

[1]Mays completed and filed the form § 2255 motion on October 1, 2007, in response to a Court order after the Court characterized a prior filing as seeking such relief. Although Mays also submitted a letter seeking an "extension," as he has never supplied any further briefing or any reply to the government's response, the request/motion for extension [docket no. 4] must be DENIED as moot.

Mays claims that his conviction was obtained by the use of an unconstitutional search in that police officers used false information to obtain a warrant to search the house in which the firearms upon which he was convicted were located. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[2] Because Mays pleaded guilty, he is foreclosed from raising a Fourth Amendment issue in this § 2255 proceeding, and this claim is denied.

*Voluntariness of Plea/Coerced Confession*

Mays contends that his entry of a plea of guilty was not voluntary and knowing because counsel coerced him to plead guilty.[3] In this case, Mays entered a plea agreement whereby he agreed to a plea of guilty to count three of the indictment, possession of a firearm in and affecting interstate commerce by a convicted felon in violation of 18 U.S.C. § 922(g)(1), with a the applicable penalty expressly referenced under 18 U.S.C. § 924(e)(1) as a result of three prior convictions for serious drug offenses. He then pleaded guilty at the rearraignment proceeding.

---

[2] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

[3] Although not listed as a claim of ineffective assistance of counsel, to the extent Mays contends counsel was ineffective for making representations about what his sentence would be, such claim is denied for the reasons discussed *infra* at pages 3-8, and for the reasons stated in the government's response at 3-6.

Because a guilty plea relinquishes rights of the defendant, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'"[4] Ordinarily, a waiver is entered knowingly, intelligently, and with sufficient awareness, when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances--even though the defendant may not know the specific detailed consequences of invoking it."[5] With "respect to a defendant's awareness of relevant circumstances, [the Constitution] does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor."[6] "[A] defendant need only understand the direct consequences of the plea; he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur."[7]

---

[4] *United States v. Ruiz*, 536 U.S. 622, 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

[5] *Id.* at 630.

[6] *Id.*

[7] *United States v. Hernandez,* 234 F.3d 252, 255 (5th Cir. 2000).

A guilty plea may be invalid if induced by a defense counsel's unkept promises.[8] Although a "prediction, prognosis, or statement of probabilities . . . does not constitute an 'actual promise,'"[9] where a defendant can show counsel induced his guilty plea by clearly and unequivocally guaranteeing a lesser sentence, the guilty plea is not voluntary unless the defendant receives what he was promised.[10] Ordinarily, however, "a defendant will not be heard to refute his testimony given under oath when pleading guilty."[11] In reviewing a challenge to the voluntariness of a plea, "solemn declarations in open court carry a strong presumption of verity," and the "representations of the defendant, his lawyer, and the prosecutor at a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."[12] Any documents signed by the

---

[8] *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)(citing *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir. 1989)).

[9] *Harmason,* 888 F.2d at 1532.

[10] *See Daniel v. Cockrell,* 283 F.3d 697, 703 (5th Cir. 2002), *abrogation on other grounds recognized by United States v. Grammas,* 376 F.3d 433, 437-38 (5th Cir. 2004).

[11] *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985)(quoting *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979)).

[12] *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977); *see also Fuller,* 769 F.2d at 1099 ("Ordinarily a defendant will not be heard to refute his testimony given under oath when pleading guilty")(quoting *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979)).

4

defendant at the time of the guilty plea are entitled to "great evidentiary weight."[13]

Mays's claim that he entered into a plea agreement that was not knowing and voluntary and instead was coerced by counsel is directly refuted by his testimony and the documents he signed. Both Mays and his counsel signed the plea agreement and the factual resume. (Docket nos. 45 and 46). The plea agreement included an express declaration that the "plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement." (Plea Agreement at 4, ¶ 9.) Mays expressly agreed that he waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses in his defense, and against self incrimination. (Plea Agreement at 1, ¶ 1.) He also expressly agreed to waive his right to appeal except on limited grounds, and to waive his right to challenge his conviction in any collateral proceeding, except to challenge the voluntariness of the plea and for a claim of ineffective assistance of counsel. (Plea Agreement at 5, ¶ 10.) He also agreed that "[t]here have been no guarantees or promises from anyone as to what sentence the Court will impose." (Plea Agreement at 4, ¶ 9.) He also understood that the Court would set his sentence after consideration of the sentencing guidelines, and that he "has reviewed the guidelines with his attorney, but

---

[13] *See United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994).

understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case." (Plea Agreement at 2, ¶ 4.) Mays also signed the factual resume, which advised him that he was subject to imprisonment for life, and in which he expressly stipulated to three prior convictions for serious drug offenses under 18 U.S.C. § 924(e)(2)(A). (Factual Resume at 1-2.)

At the rearraignment hearing, Mays admitted that he committed each of the essential elements of the offense to which he pleaded guilty. (May 17, 2006, Rearraignment Transcript at 4.) He testified that he entered the plea agreement voluntarily, of his own free will, and without any other promises or assurances. (May 17, 2006, Tr. at 9.) Mays also testified that he had discussed the case and the charges made against him with his attorney, and was "fully satisfied with representation and advice that [he] received in this case."(May 17, 2006, Tr. at 4.) He also acknowledged that if his sentence was more severe than expected, that he would still be bound by his plea of guilty and would not have the right to withdraw it. (May 17, 2006, Tr. at 8.) This Court accepted his guilty plea, and determined that "it was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses charged by Count 3 of the indictment." (May 17, 2006, Tr. at 10.)

After review of the record, Mays has not made any showing that counsel was deficient with regard to his entry of the plea agreement and waiver of his rights, nor has he shown that his

6

consent to the plea agreement was induced by a clear and unequivocal guarantee of a lesser sentence. The plea agreement did not contain a specific sentence guarantee, Mays expressly acknowledged that no one could predict the sentence, and he expressly acknowledged that he had not received any promises or assurances as to what sentence would be. He also testified that he was fully satisfied with the representation and advice he received from counsel. (May 17, 2006, Tr. At 4.) Mays fails to show why the Court should not afford "great evidentiary weight" to the documents he agreed to, and afford the "strong presumption of verity" to the prior sworn testimony that he understood the waiver of his constitutional rights and entered his guilty plea knowingly and voluntarily. Thus, the Court concludes that Mays's ground for relief that his guilty plea was coerced must be denied.[14]

*Ineffective Assistance of Counsel*

The now-familiar two-pronged standard for review of ineffective-assistance-of-counsel claims was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both

---

[14]*See generally United States v. Cobos,* 255 Fed. Appx. 835, 837 (5th Cir. Nov. 20, 2007)(unpublished)(rejecting argument that plea was involuntary even though counsel did not know career offender provision applied, as "[defendant Cobos and his attorney's] erroneous sentencing expectations do not render involuntary Cobos assent to the plea agreement")(citations omitted).

7

showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.[15]

The burden is upon the defendant to show that his counsel's representation fell below an objective standard of reasonableness by identifying acts or omissions of counsel "that are alleged not to have been the result of reasonable professional judgment."[16] A district court then determines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[17] There is a strong presumption that the performance of counsel falls within this range.[18] A defendant must also affirmatively prove prejudice by showing that a particular error of counsel actually had an adverse effect on the defense, an adverse effect being shown, in turn, by demonstrating a "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."[19]

The Court has reviewed Mays's claims of ineffective assistance of counsel, and concludes that he has not shown that counsel's conduct was deficient, nor has he shown a reasonable probability that the outcome of the proceeding would be different, for the reasons stated in the government's response at pages 3-8.

---

[15] *Strickland,* 466 U.S. at 687.

[16] *Id.* at 690.

[17] *Id.*

[18] *United States v. Samuels,* 59 F.3d 526, 529 (5th Cir. 1995); *see also King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir.), *cert den'd,* 489 U.S. 1093 (1989).

[19] *Strickland,* at 694 (general discussion at pp. 691-695).

The Court addresses further Mays's claim that counsel was ineffective for failing to file a notice of appeal. In *Roe v. Flores-Ortega,*[20] the Supreme Court applied the *Strickland* deficiency-and-prejudice test to the context of a claim of ineffectiveness on the basis of an alleged failure to file a notice of appeal. The deficiency inquiry involves a determination of whether

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.[21]

Mays waived his rights to a direct appeal except to challenge "(i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing." As Mays's sentence is within the statutory maximum, and as the Court is aware of no errors in the numerical calculations, there is no reason to believe a rational defendant would want to appeal.

But did Mays demonstrate that he was interested in appealing? Mays makes the allegation in his motion that he wrote to counsel and asked him to appeal his sentence but that counsel never responded to his letter. Although he waived his right to appeal except in limited circumstances, Mays also expressly signed, on the date of sentencing, August 28, 2006, a Notice of Right to Appeal Sentence Imposed After Plea of Guilty, which advised him of his

---

[20]528 U.S. 470 (2000).

[21]*Flores-Ortega,* 528 U.S. at 480.

right to appeal and the requirement that any notice of appeal be filed within ten days. (August 28, 2006, Notice of Right to Appeal, docket no. 49.) Mays also signed a separate document on that same date entitled "Wavier of Appeal," (August 28, 2006, Waiver of Appeal, Appendix to Gov's Response.) In the Waiver of Appeal, Mays acknowledged that he had been advised of his right to appeal, that any such appeal must be filed within 10 days, that he had fully discussed with his attorney the potential issues for appeal, and "am hereby advising my attorney that I do not wish to appeal." The document also states that "the Federal Public Defender's Office will take no further action on my case and that their representation of me is complete." (Aug. 28, 2006, Waiver of Appeal.) Review of this document shows that Mays did not indicate interest in appealing his conviction or sentence.

On April 11, 2007, several months after his conviction became final, the district clerk received a letter from Mays in which he states "I have asked my lawyer to file a motion for extension and put my case on appeal . . ." But the letter includes an allegation that Mays thought he was going to receive a Rule 35 reduction to his sentence, and that "due to me being shipped around from facility to facility from federal to state, I am unable to get my hands on the proper motion and paperwork to help myself, so I have asked [counsel] to please file an appeal for me." (April 7, 2008, Mays letter, docket no. 51.) Although the letter indicates that Mays sought to appeal by April 2007, it also confirms that Mays did not wish to and did not ask counsel to appeal within the ten-day period he was previously advised of for filing a notice of appeal.

10

Thus, applying the *Flores-Ortega* framework to a review of Mays's waiver of appeal and his April 2007 letter, the Court concludes that Mays did not demonstrate to counsel that he wished to file a notice of appeal within ten days after entry of judgment. As such, Mays has not shown that counsel was deficient for failing to timely file a notice of appeal.

Even if the Court were to assume Mays could show that his counsel was deficient, to show prejudice in such circumstances, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."[22] The Court, in *Flores-Ortega,* explained that counsel must "actually cause the forfeiture of the appeal."[23] Mays has provided nothing to indicate that he did would have appealed within ten days. Rather, his April 2007 letter shows that his desire to appeal arose only several months later. Thus, Mays cannot satisfy the applicable prejudice standard. As such, Mays's claim of ineffective assistance on the basis of a failure to file a notice of appeal must be denied.[24]

---

[22] *Id,* 528 U.S. at 484.

[23] *Id,* 528 U.S. at 484 ("If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief.")

[24] Mays filed a separate motion for the Court to hold an evidentiary hearing. Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that Mays is entitled to no relief, and thus, his motion for an evidentiary hearing [docket no. 15] is DENIED.

For all of the foregoing reasons, Cedric Mays's motion for relief under 28 U.S.C. § 2255 is DENIED.

SIGNED December 18, 2008.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE